Cornelius C. **MATTINGLY** et ux., Appellants,

v.

**ST. LOUIS COUNTY, Missouri,** Respondent.

No. 39364.

Missouri Court of Appeals, St. Louis District, Division One.

May 23, 1978.

Motion for Rehearing and/or Transfer Denied July 14, 1978.

Application to Transfer Denied Sept. 12, 1978.

Sleater & Sleater, W. W. Sleater, Clayton, for appellants.

Thomas W. Wehrle, County Counseler, Dennis K. Morgan, Associate County Counseler, Clayton, for respondent.

CLEMENS, Presiding Judge.

Plaintiffs' three-count petition, sounding both in tort and inverse condemnation, was dismissed for failure to state a claim and plaintiffs have appealed. We find the petition insufficient in tort, but sufficient as to

inverse condemnation. Accordingly, we reverse and remand.

Common to each count are plaintiffs' allegations they own or have prescriptive rights in a described tract of land, that defendant in its proprietary capacity constructed a public roadway and in doing so excavated soil "within the cone of support of plaintiff's property" thereby impairing its lateral support, all to plaintiffs' damage. Those were the basic allegations of Count I whereby plaintiff sought $20,000 damages.

By Count II plaintiffs further alleged defendant was negligent in specified particulars by removing plaintiffs' lateral support, and sought $20,000 damages.

By Count III plaintiffs adopted Counts I and II, asserted their prescriptive rights to the realty and sought $20,000 damages.

■ We look first to plaintiffs' Count II, charging negligence. Defendant St. Louis County, being a political subdivision of the State, is immune from tort liability. *Payne v. County of Jackson,* 484 S.W.2d 483 [1, 2] (Mo.1972); *Wood v. County of Jackson,* 463 S.W.2d 834 [1, 2] (Mo.1971). In opposition to this, plaintiffs cite *Jones v. State Highway Commission,* 557 S.W.2d 225 (Mo.1977). That case, abrogating sovereign immunity prospectively from August 15, 1978, is patently inapplicable to plaintiffs' prior claim of negligence. The trial court properly dismissed Count II.

■ Viewing Count I liberally, as we must on a motion to dismiss, we find it does state a cause of action for inverse condemnation. In *Page v. Metropolitan Sewer District,* 377 S.W.2d 348 [11–13] (Mo.1964), the court held: ". . . considering the facts alleged in the petition, which indicate that appellants' property was taken (or damaged) and that such taking or damage was inflicted by the state, for a public use, it is not amiss to suggest the possibility of proceeding under the procedure sometimes referred to as condemnation in reverse or inverse condemnation, under the constitutional provision, Article I, Section 26, 'That private property shall not be taken or damaged for public use without just compensa-

tion.'" Again, in *Twiehaus v. Wright City,* 412 S.W.2d 450 [5–8] (Mo.1967), the court held: "If property is taken or damaged without agreement or legal proceedings, one of several remedies of the owner is that 'he may waive the tort and sue for the compensatory damages to which he would have been entitled if condemnation proceedings had been instituted prior to the entry.'" The trial court erred in dismissing Count I.

Count III also alleges inverse condemnation, but further adopts the allegations of Count II based on negligence. Since the trial court properly dismissed Count II, the reference to negligence is no longer a part of Count III. So considered, Count III does state a cause of action and the court erred in dismissing it.

In sum, the trial court properly dismissed Count II, but erred in dismissing Counts I and III, the inverse condemnation counts. The cause is remanded with direction to the trial court to proceed accordingly.

SMITH and McMILLIAN, JJ., concur.