981 F.2d 302
 23 Bankr.Ct.Dec. 1069
 In re APEX OIL COMPANY, Debtor.
ARTOC BANK AND TRUST, LIMITED, Appellant,
v.
APEX OIL COMPANY, and the Other 53 Entities that are Debtors
and Debtors in Possession, Appellees.
 No. 91-3322.
 United States Court of Appeals,
Eighth Circuit.
 Oct. 27, 1992.
 
 LOKEN, Circuit Judge.
 
 
 1
 Apex Oil Company filed a Chapter 11 bankruptcy petition in December 1987. This case involves whether Artoc Bank and Trust, the assignee of a supplier of refined petroleum products to Apex, may recover its claim for two unpaid invoices free of Apex's asserted right to offset money the supplier owed Apex. Along with its petition for rehearing of the September 23, 1992, decision of this court in favor of Artoc, Apex has filed a Motion for Disqualification requesting that I recuse myself "from further proceedings in this case." The motion is denied.
 
 
 2
 Prior to assuming my duties as a Circuit Judge on January 1, 1991, I was a partner in the Minneapolis law firm of Faegre & Benson.[1] Before I left, Faegre & Benson had undertaken to represent hundreds of Alaska fishermen seeking to recover damages for a 1987 crude oil spill in Prince William Sound, Alaska. As Apex notes in its Motion, I was among the Faegre & Benson attorneys introduced in a prelitigation videotape that described the effects of the oil spill on the plaintiff fishermen and their intention to press their damage claims. Although I was not thereafter active in pursuing those claims, I accept as true for these purposes Apex's assertions (i) that Apex was a defendant in the lawsuits brought in Alaska on behalf of the fishermen because an Apex affiliate owned the ship that spilled the oil, and (ii) that Faegre & Benson at some point filed claims in Apex's Chapter 11 proceeding on behalf of the plaintiff fishermen. Without citation of other authority, Apex argues that these facts require recusal under 28 U.S.C. §§ 455(a) and (b).
 
 
 3
 I turn first to § 455(b) because it contains the strict, specifically enumerated grounds for disqualification adopted in the 1974 amendments to § 455. See Liljeberg v. Health Serv. Acquisition Corp., 486 U.S. 847, 859 n. 8, 108 S.Ct. 2194, 2202 n. 8, 100 L.Ed.2d 855 (1988). Section 455(b)(2) provides that a judge shall disqualify himself if "a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter [in controversy]." To determine whether § 455(b) requires recusal in this case, I must decide whether the claims filed by Alaska fishermen in Apex's bankruptcy proceeding as a result of the oil spill are the same "matter in controversy" as Artoc's disputed claim for payment of the assigned invoices. We have previously noted that, if different cases may ever constitute the same matter in controversy for purposes of § 455(b)(2), it is only when "the issues in dispute are sufficiently related." Little Rock Sch. Dist. v. Pulaski County Special Sch. Dist., 839 F.2d 1296, 1302 (8th Cir.), cert. denied, 488 U.S. 869, 109 S.Ct. 177, 102 L.Ed.2d 146 (1988).
 
 
 4
 Unlike the typical civil action, a bankruptcy proceeding is an "umbrella" under which a number of distinct, varied controversies are resolved. See Levin, Bankruptcy Appeals, 58 N.C.L.Rev. 967, 985 (1980). We have recognized that "in bankruptcy proceedings the courts take a more liberal view of what constitutes a dispute for purposes of appeal." In re Leimer, 724 F.2d 744, 745 (8th Cir.1984). See also In re Apex Oil Co., 884 F.2d 343, 347 (8th Cir.1989). Bankruptcy Rule 5004 also acknowledges the unique nature of bankruptcy proceedings, providing that a bankruptcy judge "shall be governed by 28 U.S.C. § 455" and shall be disqualified "from presiding over the adversary proceeding or contested matter in which the disqualifying circumstance arises or, if appropriate, shall disqualify himself from presiding over the [entire bankruptcy] case." (Emphasis added). Bearing in mind the unique nature of a bankruptcy proceeding and the "sufficiently related" test suggested in Little Rock School District, I agree with the standard set forth in In re Norton, 119 B.R. 332, 340 (N.D.Ga.1990), the only case I have found that addresses a similar issue:
 
 
 5
 [A] disqualifying circumstance relating to a creditor in a bankruptcy case does not automatically mandate a disqualification from ... the entire bankruptcy case. When the disqualifying circumstance involves a single creditor or its lawyer, it is only appropriate to transfer the discrete unit or units of litigation involving that creditor, i.e. the motion, objection or adversary proceeding, not the entire bankruptcy case, unless that creditor's role in the entire bankruptcy case is substantial and ongoing.
 
 
 6
 Applying this standard, Apex has failed to show (and I know of no facts that would show) that the mere filing of bankruptcy claims by Faegre & Benson on behalf of the Alaska fishermen was sufficiently related to this case to render those claims part of the same "matter in controversy." Therefore, disqualification is not required under § 455(b).
 
 
 7
 Section 455(a) requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." We use an objective standard of reasonableness in deciding a § 455(a) disqualification motion--whether a reasonable member of the public "would harbor doubts about the judge's impartiality." United States v. Poludniak, 657 F.2d 948, 954 (8th Cir.1981), cert. denied, 455 U.S. 940, 102 S.Ct. 1431, 71 L.Ed.2d 650 (1982). See Pope v. Federal Express Corp., 974 F.2d 982, 985 (8th Cir.1992). The timing of a recusal motion affects whether the moving party is entitled to relief. See Liljeberg, 486 U.S. at 861, 108 S.Ct. at 2203.
 
 
 8
 I do not believe that a reasonable member of the public would question my impartiality in participating in the decision of this case. The allegedly disqualifying circumstance--Faegre & Benson's representation of Alaska fishermen who filed claims in this bankruptcy proceeding--involves a distinct and separate group of creditors whose oil spill liability claims are completely unrelated to the supplier contract claims at issue in this case. Apex did not raise this issue until the panel had issued its adverse decision, and it has cited no authority suggesting that the objective standard is violated in this case. The panel's unanimous decision was adverse to Apex, a result contrary to that which a reasonable person would expect if I were biased in favor of other Apex creditors such as the Alaska fishermen. Therefore, I conclude that recusal is not required under § 455(a).
 
 
 9
 Apex candidly acknowledges that its motion is the outgrowth of the adverse panel decision, and there is no assertion in the motion papers that Apex or its counsel believe that there is anything other than a technical basis for disqualification under the statute. In adopting the 1974 amendments to 28 U.S.C. § 455, Congress cautioned, "in assessing the reasonableness of a challenge to his impartiality, each judge must be alert to avoid the possibility that those who would question his impartiality are in fact seeking to avoid the consequences of his expected adverse decision." H.R.Rep. No. 1453, 93d Cong., 2d Sess., reprinted in 1974 U.S.C.C.A.N. 6351, 6355. In these circumstances, I conclude that the Motion for Disqualification must be denied.
 
 
 
 [1]
 I have thus far recused myself from all appeals in cases in which Faegre & Benson represented one of the parties