**A.K. and Virginia ZUMALT, Appellants,**

v.

**BOONE COUNTY, Missouri, Respondent.**

**No. WD 50932.**

Missouri Court of Appeals,
Western District.

Jan. 30, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 30 and April 2, 1996.

Application to Transfer Denied
May 28, 1996.

Thomas Michael Schneider, Columbia, for appellant.

Harold A. Walther, Columbia, for respondent.

Before FENNER, C.J., P.J., and ULRICH and SMITH, JJ.

SMITH, Judge.

Appellants, A.K. and Virginia Zumalt, appeal the trial court's judgment against them in their inverse condemnation action against Respondent Boone County, Missouri. At trial, appellants argued that Boone County's improper maintenance of two of its streets directly resulted in foundational damage to their home in violation of Article I, § 26 of the Missouri Constitution. After hearing the evidence, the trial court held that respondent was not liable for the damage to appellants' property.

We affirm.

Appellants own real estate on S. El Chapparel Avenue almost directly across the street from where it intersects Mesa Drive to form a T. Mesa Drive slopes downward towards S. El Chapparel Avenue and appellants' home. Both streets are public concrete streets, but neither was constructed by respondent. The primary street at issue, S. El Chapparel Avenue, was dedicated to respondent by the builder and developer of the street on September 25, 1979 and accepted for maintenance on May 13, 1980.

Approximately two years after purchasing their residence in 1988, appellants noticed that the foundation of their home was cracking. By 1992, appellants realized that foundational cracks were getting worse, and they contacted three contractors and the Boone

County Public Works director to determine the source of the problem.

The court determined that "temperature changes ha[d] caused the concrete of Mesa Drive to expand and contract, and combined with the effect of gravity, Mesa Drive ha[d] pushed S. El Chapparel Avenue in a direction generally toward the Zumalts' residence," yet the street has always remained within its right of way and did not invade appellants' property. As S. El Chapparel moved towards appellants' residence, the street pushed appellants' concrete driveway into their home, thus causing the foundational damage. Uncontroverted evidence from an appraiser established that the damage to appellants' home decreased its value by $5,000.

After determining the cause of the problem, appellants installed an expansion joint in their driveway in an effort to stop further damage. After this joint closed, appellants installed a second joint. This second joint appears to have halted further damage.

Appellants assert one point on appeal wherein they contend that the trial court erred in finding that inverse condemnation did not occur. In subparagraphs A—D of Point I respectively, appellants allege specific error by the trial court as to findings 13 and 15 and conclusions G and F of the trial court's *Findings of Fact and Conclusions of Law.*[1] Appellants claim that finding 13 and conclusion F were not supported by substantial and competent evidence and the trial court misapplied the law as to finding 15 and

conclusion G. Appellants do not contest conclusions A or B. In A, the trial court concluded that appellants' claim was based on nuisance in that the damages claimed were incident to the county maintaining a public street entirely on county property without invading appellants' property. From A, the trial court concluded in B that in order "[t]o prevail, the Zumalts must establish that Boone County's maintenance of Mesa Drive and S. El Chapparel Avenue constitutes the maintenance of a nuisance," citing *Green Acres Land & Cattle Co. v. State,* 766 S.W.2d 649, 651 (Mo.App.1988).

■ Appellate review of a court-tried civil case is governed by *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976); *Cunningham v. Hughes,* 889 S.W.2d 864, 866 (Mo.App. 1994). The judgment of the trial court will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.*

■ Appellants' claim is based on Article I, § 26 of the Missouri Constitution, which provides that "private property shall not be *'taken or damaged for public use'* without just compensation." (emphasis added). Missouri courts have held that this provision is "self-enforcing" and that an action such as this one may be brought directly under it. *Roth v. State Highway Comm'n of Missouri,* 688 S.W.2d 775, 776 (Mo.App.1984). As a political subdivision of the State of Missouri, respondent is imbued by statute with the power of eminent domain for street purposes

---

1. 13. The movement of Mesa Drive was caused by the natural thermal properties of concrete and by the force of gravity. Boone County has not taken any action, nor has Boone County neglected to perform any act, which would have or could have prevented the movement of Mesa Drive.

15. No evidence was presented that would cause this Court to conclude that the construction or maintenance or use of Mesa Drive or S. El Chapparel Avenue was unusual, unreasonable or unnatural.

G. This Court finds that the movement of Mesa Drive and S. El Chapparel Drive has not resulted in an invasion of the Zumalts' property and that such movement did not directly cause damage to the Zumalts.

F. The direct cause of damage to the Zumalts' residence is not the movement of public streets;

rather, it is the connection between such residence and S. El Chapparel Avenue. The Zumalts exercise total dominion and control over their driveway; Boone County exercises no control over any part of that driveway. The construction and maintenance of the driveway was the responsibility of the Zumalts and their predecessors in title. Any damage to the Zumalts' residence was caused because the Zumalts' driveway was constructed, controlled and maintained in such a way as to act as a bridge between the public street and the residence. Had the Zumalts always maintained their driveway as they now do, no damage would have occurred. It is also likely that a different method of driveway construction would have prevented damage to the Zumalts' residence.

and, as such, a claim for inverse condemnation may be brought against it. *Green Acres,* 766 S.W.2d at 651.

■ "To state a claim for inverse condemnation, a plaintiff must allege his property was taken or damaged by the state for public use without just compensation. The landowner does not have to show an actual physical taking of property, but must plead and prove 'an invasion or an appropriation of some valuable property right which the landowner has to the legal and proper use of his property which invasion or appropriation . . . directly and specially affect[s] the landowner to his injury.' " *Harris v. Missouri Dep't of Conservation,* 755 S.W.2d 726, 729 (Mo.App. 1988) (citations omitted).

■ In this case, appellants chose not to proceed in tort, but to seek recovery pursuant to inverse condemnation. To support their claim, they contend the foundation of their home was damaged by the movement of S. El Chapparel Avenue and Mesa Drive (hereinafter "street creep"), against their driveway. They further contend the damage would not have occurred if respondent had properly maintained the streets by installing an expansion joint between the appellants' driveway and S. El Chapparel Avenue. There is nothing in the record to indicate when the streets and driveway were constructed. Appellants contend such evidence was not relevant or necessary to their claim in that, once the streets were dedicated and accepted for public use, respondent was required to properly maintain it, including installing expansion joints. In support of their claim, appellants rely on *Mattingly v. St. Louis County,* 569 S.W.2d 251, 252 (Mo.App. 1978). Appellants' reliance is misplaced.

In light of their failure to contest conclusions A and B, appellants' reliance on *Mattingly* is curious in that although it was an inverse condemnation case, the claim there was not predicated on nuisance. In fact, *Mattingly* could be cited for the proposition that nuisance is not the exclusive basis for maintaining a claim for inverse condemnation in factual situations presented by the case at bar. Regardless, *Mattingly* is distinguishable and not controlling here in that it involved the construction of a public roadway, not failed maintenance as alleged in this case. The issue presented on appeal in *Mattingly* was the sufficiency of plaintiff's petition. The plaintiff alleged that damage resulted when the county excavated dirt wholly on county property in such a way that it removed the lateral support for plaintiff's property which abutted. Under those circumstances, the court held that a cause of action for inverse condemnation could be maintained.

Appellants cite no specific authority that supports their position that failed maintenance of a public street under the circumstances of this case predicated on nuisance or a *Mattingly* situation is sufficient to support a claim of inverse condemnation. They also cite no specific authority as to why proper maintenance of public streets would include a duty to install expansion joints between them and private driveways to prevent "street creep" from causing damage as alleged here. Regardless, determination of those issues is not necessary to our review in that, in order to prevail here, appellants were, *inter alia,* required to plead and prove as part of their inverse condemnation claim that the alleged failed maintenance of the county directly caused the damage claimed, which the trial court concluded in conclusion F they had failed to do. *Harris,* 755 S.W.2d at 729. We agree with the trial court in its conclusion in F that:

"Any damage to the Zumalts' residence was caused because the Zumalts' driveway was constructed, controlled and maintained in such a way as to act as a bridge between the public street and the residence. Had the Zumalts always maintained their driveway as they now do, no damage would have occurred. It is also likely that a different method of driveway construction would have prevented damage to the Zumalts' residence."

■ The "but for" test for causation is applicable here. *Callahan v. Cardinal Glennon Hosp.,* 863 S.W.2d 852, 862–63 (Mo. banc 1993). "The 'but for' causation test provides that 'the defendant's conduct is a cause' of the event if the event would not have occurred 'but for' that conduct." *Id.* at 860–61,

quoting from PROSSER AND KEETON ON TORTS, § 41 at 266 (5th ed.1984). Thus, appellants had the burden to prove that the damage to the foundation of their home would not have occurred "but for" the "street creep".

Appellants contend that the trial court's conclusion as to causation was not supported by substantial and competent evidence. We disagree. Here, the evidence is susceptible to two interpretations as to causation, one of which, as found by the trial court, is that the damage claimed would not have occurred "but for" the manner in which the driveway was constructed by appellants or their predecessors in title. The parties agree and the court found that the damage claimed resulted from the driveway pushing against the foundation of appellants' home. Appellants contend the driveway was pushed into their home by the "street creep". The parties agree that the driveway was constructed and maintained solely by appellants and their predecessors in title with no control, interference, or input by respondent.

The evidence was sufficient for the trial court to logically and reasonably conclude that the damage claimed would never have occurred if the driveway had been: (1) located so that a "bridge" would not have occurred between the street; or, (2) expansion joints had been installed by appellants in the driveway to absorb the movement, as they have now done. In that regard, appellants argue that they had no responsibility to prevent the "street creep" because: (1) they did not cause the "street creep"; and, (2) they, as lay people, would not have been aware of "street creep" and its effects and would not have foreseen the need for preventive measures. Argument one begs the question because the driveway is located on private property and was constructed for the benefit of the private property owner, not the county or public. In such cases, the private property owner is responsible for all aspects of the construction of the driveway. As to argument two, there is no evidence that "they" or any "lay person" constructed the driveway. Further, Stanley Elmore, a civil engineer who was called as an expert witness by respondent, in response to questions from appellants' attorney, testified that anyone who pours concrete for the public would have been aware of the movement of concrete that occurred in this case. Finally, "[i]t has expressly been held that there can be no recovery, by reason of the constitutional provision against taking or damaging private property for public use, for loss or expense resulting from voluntary acts of a landowner in making changes on his premises in expectation that condemnation proceedings will be prosecuted to judgment." *Hamer v. State Highway Comm'n*, 304 S.W.2d 869, 874 (Mo.1957).

Having found the trial court's conclusion as to causation to be supported by substantial and competent evidence, there is no need to address the other issues raised by appellants. Appellants' failure to establish causation alone would justify affirming the trial court's judgment for respondent in this case.

Appellants' point relied on is denied. The judgment of the trial court for respondent is affirmed.

All Concur.