# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1345

_____

Dallas Fletcher and      *
Katherine Fletcher,      *
     *
        Appellants,      *
     *   Appeal from the United States
    v.      *   District Court for the
     *   Western District of Missouri.
Conoco Pipe Line Company,      *
     *
        Appellee.      *

_____

Submitted: November 8, 2002

Filed: March 24, 2003

_____

Before RILEY, BEAM, and SMITH, Circuit Judges.

_____

RILEY, Circuit Judge.

Dallas and Katherine Fletcher (Fletchers) appeal the district court's[1] entry of summary judgment in favor of Conoco Pipe Line Company (Conoco). The Fletchers also allege the district judge erred in failing to recuse himself *sua sponte* pursuant to 28 U.S.C. § 455(a) (2000). We affirm.

_____

[1]The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

## I.   BACKGROUND

The Fletchers own a farm in Laclede County, Missouri.  Conoco owns and operates petroleum and petrochemical pipelines that run across and adjacent to the Fletchers' farm. To reduce corrosion in the steel pipelines, Conoco employs a cathodic protection system that passes electrical current through the ground and through the steel pipelines.

The Fletchers claim "stray electricity" escaped from Conoco's cathodic protection system on its easement and traveled onto Fletchers' property, causing them to suffer property damage, lost profits, personal injuries, loss of consortium, and loss of enjoyment of life.  They filed this lawsuit against Conoco alleging claims of inverse condemnation, nuisance, trespass, ordinary negligence, and negligence based on *res ipsa loquitur*.

On June 17, 1998, Conoco sent a cathodic expert to test for stray voltage coming from the rectifier ground bed located on the Fletchers' property.  Attorney James E. Baldwin (Baldwin) observed the testing and took notes.  Baldwin has represented the Fletchers in various legal matters since 1972, and, according to Dallas Fletcher, Baldwin represented the Fletchers in this case. The Fletchers disclosed Baldwin as a trial witness.

Conoco moved for summary judgment contending the Fletchers lacked proof Conoco caused any of their damages.  In opposition, the Fletchers submitted several affidavits, including one by Baldwin, attesting to his observations of the testing performed by Conoco's expert.  Conoco moved to strike Baldwin's affidavit.  The district court denied the motion, ruling "Baldwin's testimony regarding volt meter readings should not be stricken." The district court did enter an order striking several of the Fletchers' witnesses, including Baldwin, precluding them from testifying at trial.  On the same day, the district court granted summary judgment in favor of Conoco.

After the district court entered summary judgment, Dallas Fletcher prepared an affidavit attesting Baldwin informed him that Baldwin and Judge Whipple are close personal friends who have known each other for thirty-six years and who regularly hunt and camp together. In the same affidavit Fletcher reported Baldwin told him Judge Whipple was an individual client of Baldwin's law firm, Donnelly, Baldwin & Wilhite, P.C., in an ongoing matter. The Fletchers' trial counsel, Craig Heidemann (Heidemann), also prepared a corroborating affidavit attesting Baldwin told him the same information, with the added assertion that Baldwin said he believed a conflict of interest existed.

In light of these revelations, the Fletchers contend Judge Whipple was required under 28 U.S.C. § 455(a) to recuse himself *sua sponte* based on the appearance of partiality arising from his personal friendship with Baldwin, as well as his ongoing client relationship with Baldwin's law firm. The Fletchers also claim the district court erred in granting summary judgment. The Fletchers seek an order vacating summary judgment and reassigning the case to another district judge.

## II.    DISCUSSION
### A.    Judicial Disqualification

Precedent exists in this circuit for reviewing recusal claims first raised on direct appeal. See United States v. Mosby, 177 F.3d 1067, 1068-69 (8th Cir. 1999) (defendant claiming judge erred by failing to recuse himself *sua sponte* pursuant to § 455(a)); United States v. Tucker, 78 F.3d 1313, 1322-24 (8th Cir. 1996) (direct appeal seeking recusal of district judge pursuant to appellate court's supervisory authority, 28 U.S.C. § 2106, "where, in the language of 28 U.S.C. § 455(a) (1994), district judge's 'impartiality might reasonably be questioned'"). Given this precedent, we must review the merits of the recusal claim.

Ordinarily, we review a judge's refusal to recuse for an abuse of discretion. Moran v. Clarke, 296 F.3d 638, 648 (8th Cir. 2002). However, when a recusal claim is not raised below, we apply a lower standard of appellate review and review only

for plain error. Cf. United States v. Young, 223 F.3d 905, 908 (8th Cir. 2000) (district court's decision that protection afforded plea statements applied to affidavits before the court was reviewed for plain error where claim was not raised below). Our review under the plain error standard is "narrow and confined to the exceptional case where error has seriously affected the fairness, integrity, or public reputation of the judicial proceedings." Chem-Trend, Inc. v. Newport Indus., Inc., 279 F.3d 625, 629 (8th Cir. 2002) (citation omitted). We will only reverse if the error prejudiced the substantial rights of the Fletchers and would result in a miscarriage of justice. See id.

Under section 455(a), a judge is required to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Congress amended section 455 in 1974 "to clarify and broaden the grounds for judicial disqualification and to conform with the recently adopted ABA Code of Judicial Conduct, Canon 3C (1974)." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 858 n.7 (1988). We apply an objective standard of reasonableness in determining whether recusal is required. "Under § 455(a), 'disqualification is required if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown.'" Tucker, 78 F.3d at 1324 (citation omitted). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." Pope v. Fed. Express Corp., 974 F.2d 982, 985 (8th Cir. 1992) (citation omitted).

Although section 455 has no explicit timeliness requirement, we have ruled a claim for judicial recusal under section 455 "will not be considered unless timely made." United States v. Bauer, 19 F.3d 409, 414 (8th Cir. 1994) (quoting Holloway v. United States, 960 F.2d 1348, 1355 (8th Cir.1992)). Timeliness requires a party to raise a claim "at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim." Apple v. Jewish Hosp. & Med. Ctr., 829 F.2d 326, 333 (2d Cir. 1987). A failure to raise a section 455 recusal claim can result

in waiving or forfeiting judicial review.  Cf. United States v. Mathison, 157 F.3d 541, 545-46 (8th Cir. 1998) (explaining conscious choice not to raise issue results in waiver, whereas inadvertent inaction results in forfeiture); United States v. Olano, 507 U.S. 725, 731-33 (1993) (discussing waiver and forfeiture of error under Fed. R. Crim. P. 52(b)).

On appeal, the distinction between waiver and forfeiture is an important one. If a party waives a recusal claim, then judicial review is  precluded.  Cf. Mathison, 157 F.3d at 545-46; Olano, 507 U.S. at 733 (noting that waiver extinguishes error under Fed. R. Crim. P. 52(b)).  If, however, a party forfeits an error, and the error is plain and affects substantial rights, then "the court of appeals has authority to order correction, but is not required to do so."  Olano, 507 U.S. at 735; United States v. Bayless, 201 F.3d 116, 127 (2d Cir. 2000).

Section 455(e) contemplates waiver of a recusal claim based on an appearance of impropriety on the express condition that the waiver be "preceded by a full disclosure on the record of the basis for disqualification."  28 U.S.C. § 455(e). Neither Judge Whipple's alleged social relationship with Mr. Baldwin, nor his alleged client relationship with Baldwin's law firm, was disclosed on the record.  Thus, pursuant to section 455(e), the Fletchers have not explicitly waived their right to raise the recusal claim.

Whether the Fletchers forfeited their recusal claim is a closer question.  The record contains a letter dated July 18, 2001, written by Heidemann to Judge Whipple informing him "Mr. Baldwin will be filing his motion for admission pro hac vice and entry of appearance as co-counsel.  Mr. Baldwin has been involved in this matter since 1997."  Conoco contends this letter is evidence the Fletchers and their counsel either knew, or should have known, of Baldwin's relationship to Judge Whipple before entry of summary judgment and, therefore, forfeited their recusal claim by failing to raise it below.  Mr. Fletcher's affidavit contains no time reference as to when Baldwin informed Fletcher of his relationship with Judge Whipple.

-5-

Heidemann's affidavit states only that Baldwin informed him of Judge Whipple's relationship with Baldwin's law firm after December 17, 2001, the date on which Judge Whipple entered summary judgment. Curiously, Baldwin's affidavit dated March 28, 2002, is silent as to his and his law firm's relationship with Judge Whipple.

The docket sheet reflects Baldwin never entered his appearance as counsel in this case. No documents filed with or submitted to the court contain Baldwin's signature as an attorney. The fact Baldwin never filed his appearance suggests a tactical maneuver to avoid judicial disqualification, as well as to avoid the obvious conflict of interest of trial counsel testifying as a fact witness. Indeed, it strains credulity that Baldwin would not have fully disclosed to the Fletchers and their trial counsel his relationship with Judge Whipple well in advance of summary judgment. Whether a forfeiture occurred, requiring plain error review, or a forfeiture did not occur, requiring an abuse of discretion standard, recusal was not necessary under either standard of review.

After carefully reviewing the record, we conclude Judge Whipple was not required to recuse himself *sua sponte* under section 455(a). The record is void of objective evidence that Baldwin represented the Fletchers as an attorney in this particular case. Baldwin never filed an appearance as counsel. Instead, Baldwin was a fact witness who provided testimony in the form of a one and one-half page purely foundational affidavit submitted by the Fletchers in opposition to Conoco's motion for summary judgment.

The alleged relationship between Baldwin and Judge Whipple is based entirely on hearsay statements contained in Mr. Fletcher's affidavit. Even if we were to presume the truth of his statements, they establish merely a social relationship between a judge and a non-party fact witness. Generally, a court will deny a recusal claim alleging no more than a friendship between a judge and a witness because "the fact that a judge is a friend of a witness does not ordinarily warrant an inference that

the judge would be predisposed to credit that witness' testimony." Richard E. Flamm, Judicial Disqualification – Recusal and Disqualification of Judges 257 & n.26-27(1996). See Holloway, 960 F.2d at 1351 (declaring fact that trial judge who denied defendant's motion to disqualify sentencing judge was a personal friend of sentencing judge did not compel disqualification); Hadler v. Union Bank & Trust Co. of Greensburg, 765 F. Supp. 976, 978 (S.D. Ind. 1991) ("To conclude that this judge or any judge would ignore the law and his solemn oath in order to favor the testimony of a witness merely because of friendship with that witness one would have to engage in 'speculation.'")

We conclude no reasonable member of the public would question Judge Whipple's partiality in this case. Judge Whipple denied Conoco's motion to strike Baldwin's affidavit and considered his affidavit before entering summary judgment. An adverse ruling does not constitute a sufficient basis for disqualification without a clear showing of bias or partiality. Liteky v. United States, 510 U.S. 540, 555 (1994); Holloway, 960 F.2d at 1351(unfavorable judicial ruling "insufficient to require disqualification absent a showing of 'pervasive personal bias and prejudice.'"). Moreover, Judge Whipple granted summary judgment against the Fletchers, a decision contrary to the expectation of a reasonable person, if Judge Whipple had been biased in favor of Baldwin. See In re Apex Oil Co., 981 F.2d 302, 304 (8th Cir. 1992) (noting that a reasonable person would not question a judge's impartiality when a judge rules contrary to his alleged bias). Having carefully examined the record, we find no plain error.

### B.    Summary Judgment

We review de novo a district court's grant of summary judgment. Bowen v. Mo. Dept. of Soc. Servs., 311 F.3d 878, 880 (8th Cir. 2002). A court properly grants summary judgment when, viewing the facts and reasonable inferences in the light most favorable to the nonmoving party, it is clear no genuine issue of material fact remains and the case may be decided as a matter of law. Fed. R. Civ. P. 56(c).

-7-

The district court correctly ruled Missouri law applied to the Fletchers' claims. Under Missouri law, the claims for nuisance, trespass, ordinary negligence, and negligence based on *res ipsa loquitur*, as well as the claims alleging damage to livestock and personal property, must fail because the Fletchers offered no competent proof of causation. The court also granted summary judgment on the Fletchers' inverse condemnation claim for lack of causation evidence establishing diminution in property value caused directly by stray electricity from the cathodic protection system.

The Fletchers were required to prove causation. See, e.g., Heffernan v. Reinhold, 73 S.W.3d 659, 664 (Mo. Ct. App. 2002) (negligence); Brand v. Mathis & Assoc., 15 S.W.3d 403, 406 (Mo. Ct. App. 2000) (trespass); Zumalt v. Boone Co., 921 S.W.2d 12, 15 (Mo. Ct. App. 1996) (inverse condemnation); Titone v. Tees Const. Co., 426 S.W.2d 665, 668-69 (Mo. Ct. App. 1968) (nuisance claim "requires proof of one common and essential element, i.e., proximate cause"). Having carefully reviewed the record, we agree with the district court that the Fletchers failed to present competent evidence of causation creating a genuine issue of material fact. Mere evidence of electricity recorded on the property, without corresponding expert testimony or some clearly obvious evidence as to its source, harmful level, and ability to cause directly and foreseeably the injuries complained of, will not defeat summary judgment.

We also agree with Conoco that the Fletchers have waived their claims for nominal and punitive damages. See 8th Cir. R. 47B.

## III.  CONCLUSION

Finding no error, we affirm the district court's entry of summary judgment, deny Fletchers' recusal suggestion, and deny Conoco's motion to strike portions of the Fletchers' brief and appendix.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.