# United States Court of Appeals

### For the Eighth Circuit

_____

No. 13-1563

_____

Suzanne Clark

*Plaintiff - Appellant*

v.

Marlene Callahan, Supervisor, Medical Records, Thielen Student Health Center,
Iowa State University in her individual capacity only; Gregory L. Geoffroy,
Former President, Iowa State University in his individual capacity only

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: September 8, 2014
Filed: December 22, 2014
[Unpublished]

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Suzanne Clark brought this § 1983 action alleging that defendants violated her
due process rights by failing to provide her with a proper hearing before or after

terminating her employment.  The district court[1] dismissed her claims, finding they were barred by the doctrine of res judicata and the applicable statute of limitations, and denied her motions under Federal Rules of Civil Procedure 59(e) and 60(b).  On appeal, Clark argues (1) the district court judge erred in failing to recuse himself; (2) her claims are not barred by the doctrine of res judicata; (3) her claims are not barred by the applicable statute of limitations; and (4) the district court erred in denying her Rule 59(e) and Rule 60(b) motions.  We affirm.

On February 25, 2009, Clark was terminated from her position as a clerk-typist at Iowa State University ("ISU").  Clark then filed a lawsuit against ISU, the Iowa State Board of Regents, Gregory Geoffroy, the then-president of ISU, and Marlene Callahan, Clark's supervisor, alleging violations of due process, equal protection, federal law, and Iowa law.  The district court dismissed Clark's complaint in its entirety, and we affirmed in part and reversed in part.  See Clark v. Iowa State Univ., 643 F.3d 643, 644-45 (8th Cir. 2011) ("Clark I").  Upon remand, the district court declined to exercise supplemental jurisdiction over Clark's remaining state law claims and dismissed the case.  Almost a year later, Clark filed the present action asserting a due process claim against the same individual defendants.

Clark first argues the district court judge should have recused himself pursuant to 28 U.S.C. § 455(a) because he previously dismissed Clark's similar lawsuit. Because Clark failed to raise the issue to the district court, our review would be for plain error.  See Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 663 (8th Cir. 2003). However, because waiver of a recusal claim precludes judicial review, we must first consider whether Clark waived the issue.  Id. at 664.

---

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

When Clark initially filed her case, it was assigned to the Honorable Ronald E. Longstaff. On the same day, it was reassigned to the Honorable Robert W. Pratt. Clearly, at the time Judge Pratt was assigned to her case, Clark was aware he had dismissed her previous suit against these same defendants and was, therefore, aware of the alleged conflict she now argues required his recusal. Indeed, Clark acknowledges she knew of the conflict but asserts she did not file a motion for recusal so as not to "antagonize" Judge Pratt. Because Clark was aware of the alleged basis for recusal and intentionally chose not to pursue a claim for recusal, she has waived the claim, which precludes our review. See id. at 664; United States v. Mathison, 157 F.3d 541, 545-46 (8th Cir. 1998) (holding that claim under § 455 was waived because the appellant was aware of the basis for recusal but chose not to pursue it).

Next, Clark argues the district court erred in holding her claims were barred by res judicata. "Under res judicata a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Yankton Sioux Tribe v. U.S. Dep't of Health and Human Servs., 533 F.3d 634, 639 (8th Cir. 2008) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)). Res judicata bars a claim if: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." Costner v. URS Consultants, Inc., 153 F.3d 667, 673 (8th Cir. 1998). We review *de novo* a district court's dismissal under the doctrine of res judicata. Yankton Sioux Tribe, 533 F.3d at 639.

Clark argues her claims are not barred by res judicata because there was never a judgment on the merits in Clark I. We disagree. It is well-established that "[t]he dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" Federated Dep't. Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981); see also United States v. Maull, 855 F.2d 514, 516 n.3 (8th Cir. 1988). Here, the district court dismissed Clark's prior due process claim regarding

a pre-termination hearing and post-termination hearing "for failure to state a claim upon which relief may be granted," which was a judgment on the merits for purposes of res judicata. Clark does not dispute the remaining elements of res judicata are met, and we find they are: there is no question the court had jurisdiction in Clark I, Geoffroy and Callahan were named parties in Clark I, and her current claims are based on the same cause of action as Clark I. Indeed, in Clark I, Clark expressly disavowed, through counsel, the claims she now attempts to bring. We find her claims are barred by res judicata. See Lane v. Peterson, 899 F.2d 737, 742 (8th Cir. 1990) (holding claims are barred by res judicata if they "arise[] out of the same nucleus of operative facts as the prior claim").[2]

Finally, Clark argues the district court erred in denying her Rule 59(e), Rule 60(b)(1), and Rule 60(b)(6) motions. We review the denial of such motions for abuse of discretion. See, e.g., Greyhound Lines, Inc. v. Wade, 485 F.3d 1032, 1036 (8th Cir. 2007). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." Matthew v. Unum Life Ins. Co. of Am., 639 F.3d 857, 863 (8th Cir. 2011) (internal quotation marks omitted). Clark neither presented new evidence nor demonstrated any legal or factual error, and the district court properly denied her Rule 59 motion. As to Clark's purported motion under Rule 60(b), it was plainly an attempt to reargue against the dismissal of her claims, which is not a proper use of Rule 60. See Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999); Spinar v. South Dakota Bd. of Regents, 796 F.2d 1060, 1062 (8th Cir. 1986).

Accordingly, we affirm the district court.[3]

_____

_____

[2]Because we find her claims are barred by res judicata, we need not address the district court's finding that they are barred by the applicable statute of limitations.

[3]Clark's motion to assign a different judge upon remand is denied as moot.