# United States Court of Appeals

### For the Eighth Circuit

_____

No. 15-1353

_____

Quinn Ngiendo

*Plaintiff - Appellant*

v.

Metropolitan Council

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: July 23, 2015
Filed: August 3, 2015
[Unpublished]

_____

Before LOKEN, BOWMAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Quinn Ngiendo, who is African American and claims to suffer from disabling depression, was on the light rail transit in Minneapolis when two Metro Transit police officers conducting routine checks asked to see her fare. Ngiendo searched and eventually produced two invalid fare cards; a surveillance video later showed her boarding the train without paying. During the check, the train passed Ngiendo's

intended destination. At her request, one officer walked her to a pay station and showed her how to pay a reduced disability fare. Upon reentering the train, the other officer issued her a citation for fare evasion.

Ngiendo brought this action against the Metropolitan Council (the Council), alleging that the Council violated her federal constitutional and statutory rights and state tort law because she was "held against her will for more than 15 minutes," the officers made discriminatory comments, and she was denied reduced disability fares based on her race. After a hearing, the district court[1] granted the Council's motion for summary judgment, concluding that Ngiendo "cannot show that the officers' conduct [either the valid brief detention or the alleged discriminatory comments] violated her constitutional rights," that she "failed to establish the essential elements of her state tort claims," and that her belated claim of disability discrimination was untimely and without merit. The district court subsequently denied as without merit Ngiendo's post-judgment motion arguing the judgment had demonstrated the judge's lack of impartiality. Ngiendo appeals both rulings.

After careful de novo review of the adverse grant of summary, see Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010), we affirm for the reasons stated in the district court's December 22, 2014, Memorandum and Order. We further conclude that the district court did not abuse its discretion in denying postjudgment relief; an adverse ruling does not constitute a sufficient showing of bias or partiality to warrant judicial disqualification. See Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 665 (8th Cir. 2003). Accordingly, the judgment of the district court is affirmed.

_____

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.