United States Court of Appeals

For the Eighth Circuit

_____

No. 16-1778
_____

Dexter Duren; DeArthur Grice

*Plaintiffs - Appellants*

v.

URS Corporation

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff
_____

Submitted: January 17, 2017
Filed: February 21, 2017
[Unpublished]
_____

Before LOKEN, BOWMAN, and KELLY, Circuit Judges.
_____

PER CURIAM.

Dexter Duren and DeArthur Grice appeal the district court's[1] grant of summary judgment dismissing certain of their employment-discrimination and retaliation

_____

[1]The Honorable James M. Moody Jr., United States District Judge for the Eastern District of Arkansas.

claims against URS Corporation. Reviewing the grant of summary judgment *de novo*, see Inechien v. Nichols Alum., LLC, 728 F.3d 816, 819 (8th Cir. 2013), we affirm.

In November 2007, URS acquired a corporation that had been hired by the U.S. Department of Defense to operate an incineration plant to destroy chemical weapons at the Army's Pine Bluff Arsenal. Duren was employed at the plant as an Information Systems Administrator. Grice was the Information Technology Department Manager, supervising twelve employees including Duren. That month, Duren sued URS's predecessor in the Eastern District of Arkansas, alleging racially discriminatory failures to promote in 2004 and 2006. After a May 2009 bench trial at which Grice participated as a witness, the district court ruled in favor of Duren on the 2006 claim and entered final judgment awarding damages and attorney's fees in August 2009. The 2009 judgment was a primary backdrop for the claims Duren and Grice later asserted in this lawsuit.

**1.** In October 2009, Grice recommended that Duren receive the IT Department's "Top Contributor Award" for 2009. Other URS managers favored a white female coworker. When Grice and the other managers could not agree, no 2009 award was given. Duren subsequently received the Top Contributor Award in 2013. The Top Contributor Award was prestigious, making the employee eligible for, but not guaranteeing, a larger pay raise. For example, Duren received a larger percentage raise in 2012, when he did not win the award, than in 2013, when he did.

In this lawsuit, plaintiffs claim that Duren was denied the 2009 Top Contributor Award based on his race and in retaliation for his prior successful lawsuit. The district court dismissed the race discrimination claim because (i) no award was given in 2009, so no similarly situated white employee was treated differently, and (ii) denial of the award was not a material adverse employment action. The court dismissed the retaliation claim because (i) denial of the award was not a materially adverse action, as that element of a retaliation plaintiff's prima facie

-2-

case was defined in <u>Burlington N. & Santa Fe Ry. Co. v. White</u>, 548 U.S. 53, 67 (2006) ("well might have dissuaded a reasonable worker from making or supporting" a protected claim), and (ii) Duren failed to offer evidence connecting denial of the award to his prior lawsuit. In the Statement of Issues presented in their Brief of Appellants on appeal, plaintiffs argue that denial of an "employment opportunity" such as the Top Contributor Award on account of race is unlawful "[e]ven in the absence of a monetary loss," and that the proximity in time between the denial and Duren's prior lawsuit presented a triable claim of unlawful retaliation. After careful review of the summary judgment record, we affirm dismissal of these claims for the reasons stated by the district court. <u>See</u> 8th Cir. R. 47B.

**2.** In November 2009, URS reclassified job titles for IT employees at several facilities, including the Pine Bluff Arsenal plant. URS eliminated the Grade 16 IT Manager job title, Grice's prior classification. URS initially reclassified Grice as an IT Project Manager - Grade 15. After Grice filed an internal complaint, URS conducted a further review and reclassified Grice as an IT Manager II - Grade 17. Neither reclassification affected his pay. In this lawsuit, plaintiffs claim that Grice was demoted on account of his race and in retaliation for his participation in Duren's prior lawsuit. The district court dismissed these claims because Grice failed to demonstrate an adverse employment action as a result of the reclassification. Again, after careful review of the summary judgment record, we affirm dismissal of these claims for the reasons given by the district court.

**3.** In the summary judgment proceedings, Duren and Grice also complained about other allegedly discriminatory and retaliatory actions by URS between July 2010 and its final closure of the incineration plant at the Pine Bluff Arsenal in December 2013, after the Arsenal's chemical weapons had been destroyed. The district court discussed some of these claims in its summary judgment Order, and plaintiffs renew some of the complaints in their brief on appeal. However, most of these claims were not included in plaintiffs' Complaint. Even more significantly,

none was included in their Statement of Issues on appeal, which defines the issues properly before us, and none was sufficiently developed in plaintiffs' brief on appeal. See F.R.A.P. 28(a)(5); 8th Cir. R. 28A(i). Accordingly, we decline to consider these claims, which were either never raised in the district court, or have been abandoned on appeal. See Griffith v. City of Des Moines, 387 F.3d 733, 739 (8th Cir. 2004); Hays v. Hoffman, 325 F.3d 982, 986 n.2 (8th Cir.), cert. denied, 540 U.S. 877 (2003).

The judgment of the district court is affirmed.

_____