# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2374
_____

United States of America

*Plaintiff - Appellee*

v.

Calvin Keith Delorme

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of North Dakota - Fargo
_____

Submitted: April 17, 2020
Filed: July 1, 2020
_____

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.
_____

GRUENDER, Circuit Judge.

Calvin Delorme appeals his conviction, arguing that he received an unfair trial and challenging several of the district court's[1] evidentiary rulings. We affirm.

---

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas, sitting by designation in the District of North Dakota.

A grand jury returned an indictment against Delorme charging him with aggravated sexual abuse in violation of 18 U.S.C. §§ 2241(c) and 1153 ("Count One") and abusive sexual contact in violation of 18 U.S.C. §§ 2244(a)(5) and 1153 ("Count Two"). At the beginning of the first day of his trial in March 2019, Judge Moody informed the parties that the case needed to be submitted to the jury by the evening of the second day so he could make a flight the following morning. Defense counsel said she was "very nervous about getting [the case] to the jury by the end" of the second day, but she also said, "I think it can be done."

The evidence presented during trial included testimony from a twelve-year-old female victim. Delorme was sometimes responsible for watching the victim while her mother was at work. The victim testified that Delorme began sexually abusing her when she was six or seven years old. She testified that Delorme made her put her mouth on his penis and instructed her not to tell her mother. She also testified that another man, Wyatt Azure, was sometimes present while Delorme was watching her and that Azure also sexually abused her.

Azure, later identified as Delorme's brother, confirmed that he sexually abused the victim. Azure also testified that Delorme had sexually abused him when he was nine years old. Finally, as relevant here, Bureau of Indian Affairs Special Agent John Rogers testified about his investigation of Delorme after the victim disclosed the sexual abuse and about his interview of Delorme as part of that investigation.

At the end of the two-day trial, the Government dismissed Count Two of the indictment. The jury returned a guilty verdict against Delorme on Count One. The district court sentenced him to 360 months' imprisonment.

On appeal, Delorme first argues that Judge Moody should have recused himself because his "personal need to get the case to the jury by the end of the [second] day" "took precedence and priority over a fair and equitable trial." *See* 28 U.S.C. § 455. He argues further that Judge Moody "chastised" defense counsel for

referencing an incident involving a white pickup truck when questioning Agent Rogers. According to Delorme, Judge Moody demonstrated an "open and clear hostility toward the defense counsel," and "effectively act[ed] as a prosecutor from the bench" during defense counsel's questioning of Agent Rogers.

"We review a judge's refusal to recuse for an abuse of discretion." *United States v. Oaks*, 606 F.3d 530, 536 (8th Cir. 2010). "However, when a recusal claim is not raised below, we apply a lower standard of appellate review and review only for plain error." *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 663 (8th Cir. 2003). Our review under this standard is "narrow and confined to the exceptional case where error has seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Id*. We will reverse the district court only if the error prejudiced Delorme's substantial rights and "would result in a miscarriage of justice." *See id*. at 663-64.

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." § 455(a). We apply "an objective standard of reasonableness in determining whether recusal is required." *Oaks*, 606 F.3d at 536. "The question is whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." *Id*. (internal quotation marks omitted). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Id*. at 537. "Although section 455 has no explicit timeliness requirement, we have ruled a claim for judicial recusal under section 455 will not be considered unless timely made." *Fletcher*, 323 F.3d at 664 (internal quotation marks omitted).

Even if we consider Delorme's recusal arguments despite the fact that he untimely raises them for the first time on appeal, *see Tri-State Fin., LLC v. Lovald*, 525 F.3d 649, 653 (8th Cir. 2008) ("The timeliness doctrine under § 455 requires a party to raise a claim at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim." (internal quotation marks omitted)),

he has not shown Judge Moody's "impartiality might reasonably be questioned," *see* § 455(a).

The statements to which Delorme cites do not show that Judge Moody's disposition was "so extreme as to display clear inability to render fair judgment." *United States v. Melton*, 738 F.3d 903, 905 (8th Cir. 2013). "[E]xpressions of impatience, dissatisfaction, annoyance, and even anger are not sufficient to require recusal." *Id.* (internal quotation marks omitted). When defense counsel asked Agent Rogers about the white pickup truck, Judge Moody sought clarification about what defense counsel's question had to do with the crime for which Delorme was on trial. Judge Moody's questioning and comments about the relevance of the testimony, and his decision that the line of questioning was "a collateral matter" that was not probative, are not sufficient to demonstrate an inability to render a fair judgment. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

We are similarly unconvinced that Judge Moody's time considerations would cause a reasonable person to question his impartiality. Indeed, defense counsel stated that she thought the trial could be completed within two days, and she did not request more time. We thus conclude that Judge Moody did not plainly err by not recusing himself *sua sponte*.

Delorme next appears to argue that Judge Moody's desire to submit the case to the jury by the end of the second day of the trial resulted in improper evidentiary rulings. Though he may not have properly raised these issues on appeal because they were not included in his statement of issues nor were they developed in the argument section of his brief, *see Duren v. URS Corp.*, 676 F. App'x 620, 621-22 (8th Cir. 2017) (per curiam) (declining to consider claims that were not "included in the[] Statement of Issues on appeal" and not "sufficiently developed" in the appellate brief), his arguments nevertheless fail. When a party properly challenges the district court's evidentiary rulings before the district court, we review those rulings "for an

abuse of discretion, reversing only if an error was not harmless. *United States v. White Bull*, 646 F.3d 1082, 1091 (8th Cir. 2011).

Delorme first argues that Agent Rogers could testify only as a lay witness and improperly testified as an expert. During the relevant portion of his testimony, the Government asked Agent Rogers about the types of questions asked in forensic interviews based on Agent Rogers's experience attending forensic interviews throughout his career. Defense counsel objected, arguing that the question called for speculation because Agent Rogers was "not trained in this." Judge Moody overruled the objection, reasoning that Agent Rogers could testify based on "his experience in the interviews that he's attended."

Rule 701 of the Federal Rules of Evidence allows a lay witness to testify based on his perception so long as it is "not based on scientific, technical, or other specialized knowledge." It was not an abuse of discretion for Judge Moody to allow Agent Rogers to testify as a lay witness about his experience in forensic interviews. *See United States v. Smith*, 591 F.3d 974, 983 (8th Cir. 2010) (concluding that a forensic examiner properly testified as a lay witness when she testified about the behavior of allegedly abused children during forensic interviews based on her "experience performing forensic interviews").

Delorme next argues that he should have been allowed to question Agent Rogers about an incident involving a white pickup truck. At trial, Azure testified that Delorme had bribed him to deflate the tires of the victim's mother's car. The Government elicited the testimony to show that Delorme sought to intimidate the victim's mother and obstruct the investigation, as well as to demonstrate his consciousness of guilt.

Later, defense counsel asked Agent Rogers about what he learned during his investigation of Delorme from Clifford Peltier. Judge Moody interrupted, asking why that line of questioning was relevant. In a sidebar, defense counsel explained that someone tried to stab Peltier and then "ran towards a white pickup truck" the

night the victim's mother's tires were deflated. Defense counsel sought to demonstrate that Azure "was there to stab Clifford Peltier, not to slash [the victim's mother's] tires." Judge Moody determined the evidence was irrelevant because he was "not trying the issue of whether or not [Azure] stabbed the tires," nor was it "probative to any issue the jury has to decide."

We conclude that Judge Moody's decision was not an abuse of discretion. Whether Azure stabbed Peltier has little relevance to whether Delorme bribed Azure to deflate the victim's mother's tires, and district courts have "wide latitude to exclude evidence as irrelevant and speculative." *United States v. Wilkens*, 742 F.3d 354, 364 (8th Cir. 2014).

Next, citing a fourteen-page range in the trial transcript, Delorme argues for the first time on appeal that Judge Moody allowed Agent Rogers to testify about his opinion that Delorme was guilty based on his interview of Delorme. Where the defendant did not timely object at trial, we review for plain error. *White Bull*, 646 F.3d at 1091. Under that standard, the defendant must show "(1) the district court committed an error, (2) the error is clear or obvious, and (3) the error affected his substantial rights." *Id.*

After carefully reviewing the transcript, we are confident that the portion of Agent Rogers's testimony to which Delorme cites does not support his argument. The questions in that portion focus on the manner in which Agent Rogers conducted his interview of Delorme and how Delorme responded to Agent Rogers's questions during the interview. Agent Rogers did not express any opinion about Delorme's guilt, nor was he asked to offer his opinion. We thus conclude that Delorme's argument fails because he has not shown that the district court plainly erred.[2]

---

[2]Though Delorme did not point to the exchange in his brief, the Government noted in its brief that defense counsel asked Agent Rogers: "Did you already have your mind made up before interviewing [Delorme] that this crime had been committed?" Agent Rogers replied, "I believed [the victim's] story. That doesn't mean that my—that I am dead set in my opinion and can't be swayed one way or the

Citing Rule 1002 of the Federal Rules of Evidence, Delorme also argues for the first time on appeal that the video of Agent Rogers's interview of him should have been played for the jury. Instead of playing the video, the Government elicited testimony from Agent Rogers about his interview of Delorme. Rule 1002 requires "[a]n original writing, recording, or photograph" to prove the content of the writing, recording, or photograph unless the rules or a federal statute provide otherwise. The Government did not attempt to prove the content of a writing, recording, or photograph by asking Agent Rogers about his interview with Delorme, so the rule is not implicated here. *See* Fed. R. Evid. 1002 advisory committee's note to 1972 proposed rule ("Thus an event may be proved by nondocumentary evidence, even though a written record of it was made. If, however, the event is sought to be proved by the written record, the rule applies."). We also note that though defense counsel asked Judge Moody about potentially playing the three-hour video, defense counsel did not ultimately ask to play the video.

Finally, Delorme argues for the first time on appeal that Judge Moody improperly allowed the admission of Rule 414 evidence of Delorme's prior sexual abuse of Azure because the Government did not provide adequate notice of its intent to use the evidence. If the Government intends to use evidence that the defendant committed other child molestation, Rule 414(b) requires the Government to disclose the evidence at least fifteen days before trial. The Government provided notice of its intent to use evidence of prior child molestation at trial about a week before the trial began, and thus, Delorme argues it was untimely.

But contrary to Delorme's argument, Rule 414(b) does not require that the Government provide notice of intent to use the evidence. *See United States v.*

---

other. But I believed [the victim's] story." Assuming this testimony was improper for some reason, allowing it was not plain error. "It is fundamental that where the defendant opened the door and invited error there is ordinarily no reversible error." *United States v. Griffith*, 301 F.3d 880, 883 (8th Cir. 2002) (internal quotation marks omitted).

*Benais*, 460 F.3d 1059, 1062 (8th Cir. 2006) (explaining that Rule 413, a rule similar to Rule 414, requires "disclosure of the evidence itself" but not disclosure of "the intention to rely upon Rule 413 for admissibility"). Delorme does not contest that the evidence itself was disclosed in July 2018, much longer than fifteen days before the trial in March 2019. We thus conclude the district court did not plainly err on this ground.

For the foregoing reasons, we affirm.

_____